**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

VALERIE ENGLAND,                )
                                )
            Plaintiff,          )
                                )
v.                              ) Case No. CIV-20-093-RAW-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
            Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Valerie England (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 50 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past in customer service. Claimant

3

alleges an inability to work beginning February 21, 2017 due to limitations resulting from multiple sclerosis, migraines, asthma, depressive disorder, anxiety, and a brain tumor.

### Procedural History

On May 18, 2017, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 6, 2018, Administrative Law Judge ("ALJ") Edward L. Thompson conducted an administrative hearing in Oklahoma City, Oklahoma. On April 29, 2019, the ALJ issued an unfavorable decision. On January 28, 2020, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ erred in (1) failing to admit evidence from her neurologist; (2) improperly dismissing the opinion of Claimant's licensed professional counselor; and (3) improperly relying upon the opinions of the non-examining state agency physicians.

**Admission of Neurologist Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, asthma, depression, and anxiety. (Tr. 18). The ALJ concluded that Claimant retained the RFC to perform light work except that she could occasionally climb ladders, ropes, and scaffolds; she must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation; Claimant must avoid even moderate exposure to hazards, such as unprotected heights and dangerous moving machinery; she could perform "simple" and "some complex" tasks. ("Simple" tasks means unskilled entry-level work with an SVP of one or two; "some complex" tasks means semi-skilled work with an SVP of three or four, plus skilled work with an SVP of five, but excludes the higher skilled work with an SVP of six through nine.); Claimant

could relate to others (including co-workers, supervisors, and the general public) on a "superficial" work basis. ("Superficial" means brief, succinct, cursory, concise communication relevant to the task being performed.); Claimant was able to adapt to a work situation; and Claimant had no other physical or mental limitations or restrictions. (Tr. 21).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of Mail Clerk, Collator Operator, Office Helper, and Marker, all of which were found to exist in sufficient numbers in the national economy. (Tr. 28). As a result, the ALJ found Claimant was not disabled from February 12, 2017 through the date of the decision. Id.

Claimant contends that the ALJ erroneously omitted evidence which she offered at the administrative hearing. At the hearing, Claimant's counsel asked the ALJ to admit the medical records of Dr. Matthew Ryan, Claimant's neurologist into the record. Counsel admits that the records were not submitted to the ALJ five days in advance of the hearing, although they were submitted prior to the hearing. The ALJ rejected counsel's request to admit the evidence, stating that counsel did not provide timely notice five days in advance of the hearing.

The ALJ relied upon the provisions of 20 C.F.R. § 404.935(a) which requires that

> Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

The regulation offers several exceptions to this rule. The basis for Claimant's request to admit the evidence is found at 20 C.F.R. § 404.935(b)(3)(iv) which provides

> (b) If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>
> * * *
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
> * * *
>
> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

Claimant contends that his counsel at the administrative level believed that he had all of Dr. Ryan's records and had

7

submitted those records to the ALJ which Dr. Ryan had sent. Later, however, Dr. Ryan submitted additional records, including MRI results, but not in time for counsel to submit in compliance with 20 C.F.R. § 404.935(a).

Defendant asserts that the records from Dr. Ryan pertain to a period well prior to Claimant's onset date. Claimant indicates that the MRIs in Dr. Ryan's records reflect one of the only objective tests to show Claimant's brain abnormalities. This Court does not perceive that a determination of relevancy or materiality of the omitted records is required before evaluating whether Claimant should have been denied the right to have the testing included in the administrative record and considered by the ALJ in reaching his decision. Certainly, nothing in §404.935(b) requires such a showing.

The necessary determination under §404.935(b) for Claimant's failure to timely submit Dr. Ryan's records is expressly that the Claimant acted diligently to secure the evidence and that it was not received in such time as to be considered timely under §404.935(a). By his own admission, Claimant's counsel at the administrative hearing checked with Dr. Ryan or his office to verify that all records from his file pertaining to Claimant had

8

been submitted and he was told that the records were all submitted. It was only when the records would have been outside of the five day rule that counsel determined that the MRIs were not included in the initial submission by Dr. Ryan. This Court is left with the inquiry of what additional steps Claimant's counsel could have taken to insure that the MRI testing was included in the record prior to finding out about the deficiency such that the submission would have been timely. The Court is hard pressed to find that Claimant, through her counsel, did not act diligently in attempting to secure the records for consideration by the ALJ under the facts and circumstances presented. As a result, the case should be remanded for the ALJ to consider the omitted records submitted by Dr. Ryan.

**Consideration of the Opinion of Claimant's Counselor**

Claimant contends the ALJ improperly rejected the opinion of Bret Ellard, Claimant's licensed professional counselor. Claimant attended nine therapy sessions with Mr. Ellard. (Tr. 319). Mr. Ellard concluded in a treatment summary that "[Claimant's] health would, on occasion, make it impossible for her to make the long commute to her place of employment and put in a full day of work." Id. The ALJ found Mr. Ellard's opinion in this regard to be "not

9

persuasive" and unsupported by the evidence of record. He also determined the opinion was inconsistent with the medical opinions offered by Joy Kelley, Ph.D. and James Sturgis, Ph.D., non-examining agency reviewers. The ALJ also stated that "claimant's treatment history shows the claimant's psychological conditions are stable when she is compliant with prescribed medications and receiving counseling." (Tr. 26).

Because Claimant filed her claims after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization,

10

and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. Id. However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence

11

favorable to his position while ignoring other evidence." Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004); *see also* Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability").

The ALJ found Mr. Ellard's position was not supported given the stability demonstrated in her treatment history. This finding and the accompanying reference to the record meets the required finding for supportability.

The ALJ also found Mr. Ellard's opinion inconsistent with the opinions of the reviewing professionals. This analysis requires further development on remand. While the ALJ finds inconsistency, he fails to set out the findings of the reviewers that are specifically inconsistent with Mr. Ellard's opinion pertaining to Claimant's ability to commute to work due to health reasons. This Court is unable to correlate these findings from a cursory review of the reviewer's reports. On remand, the ALJ shall further develop his findings on consistency as it relates to Mr. Ellard's opinion on Claimant's ability to commute to work.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE